UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1986 (ADM/SRN)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>V.<br><br>TWO GENUINE $10 FEDERAL RESERVE NOTES AND ONE HEWLETT PACKARD COLOR PRINTER/SCANNER/COPIER, MODEL HP PSC500, SERIAL NO. SGH01E1K8R,<br><br>DEFENDANTS. | ) | FINAL ORDER OF FORFEITURE |

Based on the plaintiff's motion for default judgment against Robbin Allen Thomas and all unknown persons and entities having an interest in the defendants pursuant to Rule 55(b)(2), Fed.R.Civ.P., and for forfeiture of the defendants to the plaintiff; on all the files and records in this action; and on the Court's finding as follows that:

1. pursuant to a Warrant of Arrest and Notice In Rem issued by United States Magistrate Judge Susan Nelson, the United States Secret Service for the District of Minnesota arrested the defendants;

2. notice of the arrest of the defendants and the means and deadline by which to contest the forfeiture of the defendants was published in the Finance and Commerce, Minneapolis, Minnesota, on September 26, October 3 and October 10, 2000;



FILED JAN 11 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD JAN 11 2001
DEPUTY CLERK

3. the United States Secret Service served Robbin Allen Thomas with copies of the Complaint for Forfeiture, Summons, and Warrant of Arrest and Notice In Rem;

4. no claims for the defendants and answers to the Complaint for Forfeiture have been filed, and the time for filing a claim and answer has expired;

5. the Clerk of Court entered default against Robbin Allen Thomas and all unknown interested persons and entities having an interest in the defendants for failure to file a claim and answer or otherwise defend in this action within the time permitted by Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims; and

6. the plaintiff has established by a preponderance of the evidence that the defendants are forfeitable pursuant to 18 U.S.C. § 492;

IT IS HEREBY ORDERED that:

1. default judgment is entered against Robbin Allen Thomas and all unknown persons and entities having an interest in the defendants; and

2. all the right, title and interest of the defaulted persons and entities in the defendants is forfeited to the plaintiff, and no right, title or interest in the defendants shall exist in any other person or entity; and

3. the defendants shall be disposed of by the plaintiff in accordance with law.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 11, 2001

ANN D. MONTGOMERY, Judge
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

*This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.*

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.